NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHARON E. SAX,<br><br>    Plaintiff,<br><br>   v.<br><br>THE PHOENIX COMMUNICATIONS GROUP, INC., and WRITERS GUILD OF AMERICA, EAST,<br><br>    Defendant. | Civil Action No. 2:12-CV-02901-SDW-MCA<br><br>**OPINION**<br><br>January 30, 2013 |
| DAVID CARROS,<br><br>    Plaintiff,<br><br>   v.<br><br>THE PHOENIX COMMUNICATIONS GROUP, INC., and WRITERS GUILD OF AMERICA, EAST,<br><br>    Defendant. | Civil Action No. 2:12-CV-02904-SDW-MCA |
| JAMES JOHNSON,<br><br>    Plaintiff,<br><br>   v.<br><br>THE PHOENIX COMMUNICATIONS GROUP, INC., and WRITERS GUILD OF AMERICA, EAST,<br><br>    Defendant. | Civil Action No. 2:12-CV-02905-SDW-MCA |

| | |
|---|---|
| JAMES CHANG,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>THE PHOENIX COMMUNICATIONS GROUP, INC., and WRITERS GUILD OF AMERICA, EAST,<br><br>　　　　　　　　Defendant. | Civil Action No. 2:12-CV-02907-SDW-MCA |
| DINA FOGARTY,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>THE PHOENIX COMMUNICATIONS GROUP, INC., and WRITERS GUILD OF AMERICA, EAST,<br><br>　　　　　　　　Defendant. | Civil Action No. 2:12-CV-02972-SDW-MCA |

**WIGENTON**, District Judge.

Before this Court are the individual motions of defendant Phoenix Communications Group, Inc.'s ("Company" or "Defendant") motion to dismiss pursuant to Fed. R. Civ. P. "12(b)," or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56 ("Motions"), the individual complaints of plaintiffs Sharon E. Sax ("Sax"), David Carros ("Carros"), James Johnson ("Johnson"), James Chang ("Chang"), and Dina Fogarty ("Fogarty") (collectively "Plaintiffs").

This Court has jurisdiction under 28 U.S.C. § 1331. Venue is proper pursuant to U.S.C. § 1391. This matter is decided without oral argument pursuant to Fed. R. Civ. P. 78.

For the reasons set forth below, this Court **GRANTS** Defendant's Motions.

**FACTUAL AND PROCEDURAL HISTORY[1]**

Plaintiffs were employees of the Company, and had union representation through co-defendant Writers Guild of America, East (the "Union").  The Company and the Union were parties to a collective bargaining agreement ("CBA") that expired on January 15, 2011.  The CBA was extended until August 15, 2011.  (Certification of John M. Podesta, Esq. in support of Defs' Motions[2] ("Podesta Certification") ¶¶ 2-4.)  Throughout 2011 the parties tried to negotiate on a new CBA, with the Company advising the Union that due to substantial losses and decreased revenue, the new CBA must include, among other things, reduced provisions for severance pay. (*Id.* ¶ 5-7.)

The Company was informed by its principal customer, National Broadcasting Company ("NBC"), that its relationship would cease on September 30, 2011. (*Id.* ¶ 8.)  On September 30, 2011, with no new CBA in place, the Company informed the Union that it would unilaterally implement the terms of its offer on October 3, 2011; and further, absent an agreement, no severance would be paid to terminated employees.  (*Id.* ¶ 11.)  On or about October 3, 2011, the Company terminated Plaintiffs' employment, and pursuant to the implemented terms, they were not given severance payments.  (*Id.* ¶ 14-15.)

On or about October 14, 2011, the Union filed an unfair labor practice charge against the Company with the National Labor Relations Board ("NLRB" or "Board").  The Union alleged that the Company violated Section 8(a)(5) of the National Labor Relations Act ("NLRA") (29 U.S.C § 158(a)(5)) by unilaterally implementing its mandatory terms and conditions without first bargaining to impasse.  (*Id.* ¶ 16-17.)

---

[1] In their papers, Plaintiffs adopt and incorporate the statement of facts and procedure attested to by Defendant. (*See generally* Pls' Br.)
[2] The Podesta Certification submitted for each Plaintiff has the same numbering, so these citations are accurate for each Plaintiff.

3

Negotiations between the Union and the Company continued, and on March 30, 2012, a new CBA was ratified ("New CBA"). This new agreement was retroactively effective to January 16, 2011. (*Id.* ¶ 21-22.) Under the New CBA, Plaintiffs are entitled to a pro-rated share of a $50,000 aggregate sum for severance payments, conditioned on Plaintiffs signing a release of any pending or future claims against the Company. (*Id.* ¶ 23-25.) This would result in the following payments to each Plaintiff: 1) Sax - $9,513; 2) Carros - $6,580; 3) Johnson - $8,692; 4) Chang - $5,857; and 5) Fogarty - $3,302. (*Id.* ¶ 29.)

Following ratification, the Union withdrew the pending charge and the Board issued an order dismissing the complaint and approving the withdrawal of the charge. (*Id.* ¶ 26-27.) The order was based on the fact that the Union and the Company ratified a successor agreement. (*Id.*) On May 15, 2012, the Company sent out letters to Plaintiffs informing them of their entitlements to severance pay under the New CBA, conditioned upon their release of any and all claims against the Company. (*Id.* ¶ 29.) As of the date of the Motion, Plaintiffs had not executed the release, and thus, had not received severance pay. (*Id.* ¶ 31.)

On or about April 20, 2012, Plaintiffs filed a complaint against the Company in Bergen County Superior Court alleging breach of contract and a breach of the implied covenant of good faith and fair dealing in its negotiations with the Union ("Complaint"). (Compl. ¶¶ 6-13, 25, 34.) The Union was also named as a defendant. Plaintiffs' Complaint included a claim against the Union for breaching the fiduciary duty owed to Plaintiffs, allegedly by not filing a complaint on their behalves regarding the severance pay to which Plaintiffs believe they were entitled. (Compl. ¶¶ 39-41.)

On May 15, 2012, Defendant removed the case to this Court under 28 U.S.C. § 1331. (Notice of Removal).

**LEGAL STANDARD**

*Motion to Dismiss*

These Motions were submitted as motions to dismiss the Complaint pursuant to Federal Rule of Civil Procedure "12(b)." In considering a motion to dismiss under Rule 12(b)(6), the court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

For a motion to dismiss pursuant to Federal Rule (12)(b)(1), the court must first determine whether the motion is a "facial" or "factual" attack on the court's jurisdiction. *Board of Trustees of Trucking Employees of North Jersey Welfare Fund v. Caliber Auto Transfer Inc.,* No. 09-cv-6447, 2010 WL 2521091 *8 (D.N.J. June, 2010). "A facial attack is an alleged pleading deficiency, whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Id.* (citing *C.N.A. v. United States* 535 F.3d 132, 139 (3rd Cir. 2008). When considering a factual attack "the allegations of the complaint have no presumptive truthfulness and the court must weigh the evidence presented by the parties," while in considering a facial attack, the court must consider the allegations in the complaint as true. *Id.* (internal citations omitted).

*Motion for Summary Judgment*

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56.  A factual dispute is genuine if a reasonable jury could return a verdict for the nonmovant, and it is material if, under the substantive law, it would affect the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Once the moving party meets its initial burden, the burden then shifts to the nonmovant, who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings.  *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001).  The court may not weigh the evidence and determine the truth of the matter but, rather, must determine whether there is a genuine issue as to a material fact.  *Anderson*, 477 U.S. at 249.  In doing so, the court must construe the facts and inferences in the light most favorable to the nonmoving party.  *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991).

**DISCUSSION**

As discussed below, this Court will dismiss the Complaint against the Company due to lack of subject matter jurisdiction under Rule 12(b)(1), although it could also conclude the same under 12(b)(6).[3]

---

[3] Defendant brought this motion under "Rule 12(b)."  This Court notes that

Section 7 of the NLRA provides the right of employees to "assist labor organizations" and "to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection. . . " 29 U.S.C. § 157.  Pursuant to § 8 of the NLRA, it is an unfair labor practice for an employer "to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed" in § 7 of the NLRA.  *Id.* §§ 158(a)(1),(4); *see also Wright v. Nesor Alloy Corp., et al.*, No. 03-cv-1789, 2006 WL 2830969 *7 (D.N.J. Sept. 29, 2006).  For the purposes of determining jurisdiction for claims under this section, "when an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the [NLRB]." *San Diego Bldg. Trades Council v. Garmon,* 359 U.S. 236, 245 (1959) ("*Garmon*").  This rule[4] "reflects the Congressional intent that matters of national labor policy be decided in the first instance by the NLRB." *Mack Trucks Inc. v. Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of America*, 856 F.2d 579, 584 (3rd Cir. 1988).  Nonetheless, Congress "carved out" an exception to this rule when it enacted § 301 of the Labor Management Relations Act ("LMRA"). *Id.* at 585 (citing *Vaca v. Sipes* 386 U.S. 171, 179 (1967)).  Under this statute, district courts have jurisdiction over suits for violations of contracts

---

> federal courts have dismissed complaints involving conduct that is arguably subject to §§ 7 or 8 of the NLRA under different subsections of Rule 12(b). A review of relevant case law demonstrates that some courts have dismissed for lack of subject matter jurisdiction under 12(b)(1), others have dismissed for failure to state a claim under 12(b)(6), and still others have apparently dismissed under both subsection[s], or without explicitly stating under which subsection they are dismissing.

*Taylor v. National Car Rental System, Inc.*, 09–1628, 2009 WL 3260622 *3 fn.5 (D.N.J. 2009); *see also DiNapoli v. Int'l Alliance of Theatrical Stage Employee Local 8*, No. 09-cv-5924, 2010 WL 1996385 *4-5 (E.D. Pa. May 19, 2010).

[4] Also referred to as "*Garmon* preemption."

between an employer and a labor organization, even if the matter is arguably subject to § 7 or § 8 of the NLRA. *Id.* In such cases, the courts and the Board maintain concurrent jurisdiction over the suit. *Id.*

Notwithstanding the § 301 "carve out" exception, courts generally do not have jurisdiction over claims arising from the breach of an expired collective bargaining agreement. *Litton Fin. Printing Div., a Div. of Litton Business Sys., Inc. v. N.L.R.B.,* 501 U.S. 190, 206 (1991). "Although after expiration most terms and conditions of employment are not subject to unilateral change, in order to protect the statutory right to bargain, those terms and conditions no longer have force by virtue of the contract." *Id.* Furthermore, "[s]ection 301 of the LMRA, 29 U.S.C § 185, does not provide for federal court jurisdiction where a bargaining agreement has expired, although rights and duties under the expired agreement "retain legal significance because they define the *status quo*" for purposes of the prohibition on unilateral changes." *Id.* (citing *Derrico v. Sheehan Emergency Hosp.* 844 F.2d 22, 25-27 (2d Cir. 1988)).

In the instant matter, Plaintiffs' Complaint generally seeks enforcement of the terms and conditions under the expired CBA. (*See generally* Compl.) Pursuant to 29 U.S.C § 158(a)(5) there is a statutory duty to continue operating under the terms and conditions of an expired CBA until a bargaining impasse is reached. *See Luden's Inc. v. Local Union No. 6 of Bakery, Confectionery, and Tobacco Workers' Intern Union of America*, 28 F.3d 347, 361 n.25 (3rd Cir. 1994). Plaintiffs allege that the Company did not do so, but rather, acted unilaterally. (Compl. 20-23.) The Union filed a related charge with the NLRB. (Podesta Certification ¶ 17.)

As Plaintiffs' Complaints allege violations of § 8 of the NLRA, stemming from the expired CBA, the claims are arguably subject to § 7 or § 8 of the NLRA. Thus, the NLRB has exclusive jurisdiction over this matter with the Company. *See Garmon,* 359 U.S. at 245; *see also*

*Laborers Health and Welfare Trust Fund For Northern California v. Advanced Lightweight Concrete Co., Inc.*, 484 U.S. 539, 545 (1988)

Plaintiffs argue that the rule from *Garmon* applies only to suits brought by the Union itself, not by individual plaintiffs. However, the NLRB maintains exclusive jurisdiction so long as the complaint is brought under § 7 or § 8 of the NLRA, regardless of who initiates the action. *See Radai v. First Transit* 477 Fed. Appx. 870 (3rd Cir. 2012) (rejecting attempt to "recast employer's alleged anti-union activity in terms of contract law"). Here, as Plaintiffs' claims arise under § 8 of the NLRA, this Court lacks subject matter jurisdiction.

**CONCLUSION**

Based on the foregoing, Plaintiffs' claims against the Company will be dismissed and Defendant's Motion will be **GRANTED**.

s/Susan D. Wigenton, U.S.D.J

Orig:  Clerk
cc:     Parties
          Magistrate Judge Arleo